**Christopher and Linda BROWN, Respondents,**

v.

**HOME IMPROVEMENT WORLD, LTD., Appellant.**

No. 48975.

Missouri Court of Appeals, Eastern District, Division Three.

June 18, 1985.

Michael P. Shea, Bamberger, Shea & Kohl, St. Charles, for appellant.

Michael B. Stern, Stern, Pressman & Soule, Clayton, for respondents.

CLEMENS, Senior Judge.

The only issue here: When a concrete swimming pool installed by defendant-appellant floated out of its base, did the trial court err in giving damage instruction MAI 4.01 for plaintiffs and in refusing MAI 4.02 offered by defendant?

Given instruction MAI 4.01 covers damage to property that cannot be repaired; refused instruction MAI 4.02 covers damage to property that still has some value after repair. Both instructions had evidentiary support.

Plaintiffs' testimony by a veteran, certified pool examiner showed plaintiffs' fiberglass pool after being damaged by the flotation could not be repaired; that it was replaced in a foundation not subject to flotation.

Contrary to this defendant presented the opinion of a graduate civil engineer. He testified the damaged pool could be fully repaired by a process he described, this at a cost of from $800 to $1,500. Defendant

was entitled to but was refused a damage instruction hypothesizing that evidence.

We reverse and remand the judgment for retrial only on the issue of the amount of each party's damages and with instructions to modify its damage instruction to include the alternate submissions of each party; this required by Supreme Court Rule 70.-02(e) covering necessary modifications.

DOWD, P.J., and CRANDALL, J., concur.